IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KURTIS ROY JETER,

    Petitioner,

v.                                          CASE NO. 5:10-cv-189-RH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 18, Petitioner's *pro se* Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Doc. 21, Respondent's motion to dismiss the Petition for failure to exhaust administrative remedies. The Petition stems from Petitioner's *nolo contendre* plea to two counts of felony battery, for which imposition of sentence was withheld and Petitioner was placed on probation. Petitioner was found guilty of violating the conditions of probation and was sentenced to concurrent five-year terms of imprisonment. Upon due consideration of the Petition, the motion to dismiss, and the state-court record, the undersigned recommends that the Petition be dismissed.[1]

### State-Court Proceedings

Petitioner's original judgment of guilt pursuant to his *nolo contendre* plea was entered on September 18, 2006, and he did not appeal. Respondent's Appendix Exhibit ("App. Exh.") B. The order revoking Petitioner's probation was entered on

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

September 18, 2008.  *Id*. Exh. C.  Petitioner appealed, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal.  *Id*. Exh. F.  Petitioner filed a letter which the First District Court of Appeal treated as a *pro se* brief.  *Id*. Exh. G.  The First DCA affirmed *per curiam* without opinion.  *Jeter v. State*, 12 So.3d 755 (Fla.1st DCA 2009).   The mandate issued July 27, 2009.   App. Exh. I.

On May 4, 2009, while the appeal from his revocation proceedings was pending, Petitioner filed a motion for postconviction relief under rule Fla. R. Crim. P. 3.850, asserting claims stemming from his original plea proceedings and sentence in 2006, including claims that his conviction violated double jeopardy and that his trial counsel rendered ineffective assistance in connection with the plea.  *Id*. Exh. J.  The state court dismissed the motion as barred by the two-year statute of limitations applicable to Rule 3.850 motions.  *Id*.  The dismissal was affirmed without opinion.  *Id*. K.; *Jeter v. State*, 36 So.3d 650 (Fla.1st DCA 2010).

On June 3, 2010, Petitioner filed a state habeas petition seeking a belated appeal.   App. Exh. O.  The petition was denied without opinion on June 30, 2010.  *Id*. Exh. P;  *Jeter v. State*, 39 So.3d 323 (Fla.1st DCA 2010).

While the rule 3.850 and belated appeal petition were pending, on September 18, 2009, Petitioner filed a motion for reduction and modification of his sentence under rule 3.800(c).  App. Exh. Q.   The trial court did not rule on the motion, and no appeal was taken.  On November 6, 2009, Petitioner submitted a motion to correct sentence pursuant to Fla. R. Crim. P.  3.800(a), seeking additional jail credit; that motion was granted.  *Id*. Exh. R, T.

On June 23, 2010, Petitioner submitted a second motion to correct sentence under rule 3.800(a), arguing that his conviction violated double jeopardy. *Id*. Exh. U. The court found that the claim was not cognizable under Rule 3.800, and also denied the motion as untimely, if construed as a rule 3.850 motion. *Id*. Exh. V.

In the instant federal habeas petition, filed on July 7, 2010, Petitioner contends that (1) the state court erred in failing to conduct an evidentiary hearing on his untimely Rule 3.850 motion, because he claimed that he had hired an attorney to file a motion and the attorney failed to do so; (2) his *nolo contendre* plea to two counts of felony battery violated double jeopardy; and (3) his trial counsel rendered ineffective assistance in connection with his plea, and failed to preserve issues for appellate review. Doc. 18.

Respondent concedes that the Petition is timely because it was filed within one year of Petitioner's probation revocation and sentencing. *See Ferreira v. Secretary, Dept. of Corrections,* 494 F.3d 1286, 1292-1293 (11th Cir. 2007) (statute of limitations is triggered by the date the "judgment" becomes final, which includes underlying conviction and sentence imposed upon resentencing). Respondent contends, however, that none of Petitioner's claims stemming from his underlying plea proceeding are cognizable on habeas review, because he failed to timely exhaust such claims and they are now procedurally barred.[2]

---

[2] Petitioner was afforded an opportunity to respond to the motion to dismiss. Doc. 22. Petitioner filed a response claiming that the Respondent had failed to serve him with the motion. Doc. 26. The Respondent re-served the motion. Doc. 28. Petitioner has neither responded to the motion, nor sought any additional time to do so.

## **Section 2254 Exhaustion Requirement**

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted.  *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered.  *Id*. at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Discussion

In this case, Petitioner's failure to exhaust his Double jeopardy and ineffective-assistance claims in state court by appealing his conviction or by filing a timely Rule 3.850 motion forecloses such claims from federal review. *See Gray v. Netherland*, 518 U.S. 152, 161–162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir.2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

Petitioner contends that the state court violated his right to due process by failing to conduct an evidentiary hearing on his claim that he hired an attorney to file a timely Rule 3.850 postconviction.  Doc. 18.  This claim presents neither cause for the procedural default nor any independent basis for federal review.  There is no federal constitutional right to counsel in collateral post-conviction proceedings challenging the conviction and sentence, whether arising from the Sixth Amendment or due process. *Jones v. Crosby*, 137 F .3d 1279, 1280 (11th Cir. 1998) (citing *Murray v. Giarratano*,

492 U.S. 1 (1989)). "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).  Accordingly, counsel's alleged failure to file a timely Rule 3.850 motion would not excuse Petitioner's procedural default of the underlying claims in this case, and the state court's denial of an evidentiary hearing on the claim presents no federal constitutional issue.  Further, nothing in the record suggests that a fundamental miscarriage of justice would result if Petitioner's unexhausted double jeopardy and ineffective-assistance claims were not considered.

## Recommendation

For the foregoing reasons it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, Doc. 21, be **GRANTED**, that the petition for a writ of habeas corpus, Doc. 18, be **DISMISSED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida, on August 10, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:10-cv-189-RH-GRJ*