IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KURTIS ROY JETER,

    Petitioner,

v.                                  CASE NO. 5:10cv189-RH/GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## ORDER OF DISMISSAL

A state court revoked the petitioner Kurtis Roy Jeter's probation and sentenced him to five years in prison. Mr. Jeter asserts the underlying conviction was imposed in violation of the United States Constitution. He does not challenge the revocation or resulting sentence on any *other* basis. He has filed a petition and now an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The respondent Florida Department of Corrections ("the state") has moved to dismiss for failure to exhaust state judicial remedies as required by § 2254(b)(1)(A). The motion is before the court on the magistrate judge's report and recommendation, ECF No. 31, and Mr. Jeter's responses, ECF Nos. 32 & 33.

The report and recommendation concludes that the motion should be granted and the amended petition dismissed.  This order accepts the report and recommendation and adopts it as the court's opinion, with the additional explanation set out in this order.  The order also grants a certificate of appealability on two recurring issues on which reasonable judges could disagree.

I

The basis of the motion to dismiss is this: when Mr. Jeter sought to raise his constitutional claim in a state-court application for collateral review, the court held that the claim was barred by Florida's own statute of limitations.  A person who cannot exhaust state remedies because of a procedural default cannot obtain relief under § 2254 unless the person shows cause for the procedural default and prejudice from it, or a fundamental miscarriage of justice, all as accurately set out in the report and recommendation.  *See*, *e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 748-50 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Mr. Jeter alleges that he missed the Florida statute of limitations only because an attorney he retained to file an application—and who promised to do it—did not in fact file the application.  For purposes of the motion to dismiss, I accept the allegation as true.  I assume, too, as Mr. Jeter seems to allege, that he was diligent and did all he could do to ensure the attorney did what he promised.

Mr. Jeter's assertion that the state court's enforcement of the statute of limitations was itself a federal constitutional violation is plainly wrong. A state may not need to provide for collateral review at all, and in any event a state can set a reasonable statute of limitations for seeking review. A state need not provide an exception for attorney misconduct or negligence.

Missing the statute of limitations was a procedural default. Mr. Jeter has alleged nothing that would constitute a fundamental miscarriage of justice. Even if he could show prejudice, he would be entitled to go forward only by showing cause for the procedural default. The state's motion to dismiss thus turns on this question: can an attorney's failure to file a state application for collateral review as promised constitute "cause" for the procedural default?

Under the longstanding law of the circuit, the answer is no. This order thus grants the motion to dismiss. But the circuit has not addressed the issue since the Supreme Court's decision in *Holland v. Florida*, 130 S. Ct. 2549 (2010). *Holland* rejected as "too rigid" the Eleventh Circuit's rule that an attorney's professional misconduct is never sufficient for equitable tolling of the § 2254 limitations period. *Id*. at 2563. Equitable tolling of the federal limitations period under § 2254 is a different issue than cause for missing a state collateral-review limitations period— a procedural default. Still, these issues have elements in common. *See Holland*, 130 S. Ct. at 2566-68 (Alito, J., concurring) (discussing an applicant's

responsibility for attorney misconduct for purposes of both equitable tolling and procedural default without drawing a distinction between the two issues). If *Holland* changed the law of the circuit for procedural default as well as equitable tolling, Mr. Jeter's *pro se* allegations would be sufficient to withstand the motion to dismiss, at least pending further factual development. This is a recurring issue for district courts.

## II

The statute of limitations for a *federal* petition challenging a state-court conviction and sentence is one year. 28 U.S.C. § 2244(d)(1). In most cases, the period begins to run when the state judgment becomes final by the conclusion of direct review or the expiration of the period for seeking direct review. *Id*. § 2244(d)(1)(A). The period runs from a later date in specific circumstances: when the state has unconstitutionally created an impediment to the filing, § 2244(d)(1)(B); when the Supreme Court has newly recognized a pertinent constitutional right and made it retroactively applicable, § 2244(d)(1)(C); or when the factual predicate of the claim could not have been discovered earlier through diligence, § 2244(d)(1)(D). The limitations period is tolled while a properly filed application for state postconviction or collateral review is pending. *Id*. § 2244(d)(2).

Mr. Jeter entered a guilty plea on September 18, 2006, and was sentenced to probation. The written judgment was docketed on September 21, 2006. Mr. Jeter did not appeal. The deadline for an appeal expired on Monday, October 23, 2006. The 90-day period for filing a petition to the United States Supreme Court for a writ of c*ertiorari*—if, as seems unlikely, the case could involve an issue on which a direct appeal was unavailable and *certiorari* thus would lie directly from the state trial court's judgment—was December 20, 2006. Mr. Jeter filed no application for state postconviction or collateral review. The one-year limitations period for filing a § 2254 petition thus expired by December 20, 2007. Mr. Jeter did not file a § 2254 petition by that date.

Mr. Jeter violated his probation in 2008. The state court revoked his probation on September 18, 2008, and sentenced him to five years in prison. He took a direct appeal and later filed a series of applications for state postconviction or collateral review. These kept the federal limitations period from even starting to run on any § 2254 petition asserting that the probation revocation and resulting sentence were unconstitutional.

On July 7, 2010, Mr. Jeter mailed for filing the §2254 petition that initiated this case. He later amended it. ECF No. 18. Mr. Jeter asserts that the underlying 2006 conviction was obtained in violation of the Constitution, but he does not challenge the probation revocation and the resulting five-year prison sentence on

any *other* basis.  The §2254 petition was filed within the one-year limitations period only if the period for challenging the underlying conviction was reopened by the probation revocation.

In *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286 (11th Cir. 2007), the court addressed a similar—but not identical—situation.  There the defendant was convicted and sentenced.  The one-year limitations period for a § 2254 petition expired.  He later filed a state-court motion to correct the sentence.  The motion was granted, and the defendant was resentenced.  The defendant filed a § 2254 petition challenging only the underlying conviction; he asserted no *other* challenge to the new sentence.  The district court dismissed the petition as untimely.  The Eleventh Circuit initially affirmed, but the United States Supreme Court vacated and remanded for further consideration in light of *Burton v. Stewart*, 549 U.S. 147 (2007).  On remand, the Eleventh Circuit held that the statute of limitations for the § 2254 petition ran from the date the resentencing judgment became final—not from the date the original judgment on the underlying conviction became final—even though the alleged constitutional violation arose only from the underlying conviction.

*Ferreira* dealt with a resentencing.  Mr. Jeter was not resentenced; his probation was revoked.  Arguments can be made on both sides of the question whether *Ferreira* does or should apply to a probation revocation.  The first issue,

of course, is what the statute says and means. Aside from the statutory language, a single one-year period might seem enough. On the other hand, a claim that might not seem worth pursuing at the outset might take on much greater importance when a longer sentence is imposed.

The state and the report and recommendation treat Mr. Jeter's petition as timely based on *Ferreira*. The state makes clear, though, that it disagrees with this result and does not waive the statute-of-limitations defense. Two district courts in this circuit have said *Ferreira* does *not* apply to a probation revocation. *West v. Sec'y Dep't of Corr.*, No. 8:07-cv-1794-T-23MAP, 2011 WL 166325, at *2 n.6 (M.D. Fla. Jan. 18, 2011); *Wright v. Florida*, No. 8:06-CV-1704-T-27EAJ, 2008 WL 1986184, at *3-4 (M.D. Fla. May 6, 2008). This order does not reach the issue of whether Mr. Jeter's petition is timely under *Ferreira*, but if the circuit agrees with *West* and *Wright*, it would provide an alternative basis for affirming the judgment of dismissal that this order directs the clerk to enter on other grounds. This is a recurring issue for district courts.

III

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 31, is accepted and adopted as the court's further opinion.

2. The motion to dismiss, ECF No. 21, is GRANTED.

3. The clerk must enter judgment stating, "The amended petition is dismissed with prejudice."

4. A certificate of appealability is granted on these issues:

(a) Whether, in light of *Holland v. Florida*, 130 S. Ct. 2549 (2010), an attorney's professional misconduct can constitute cause for a state-court procedural default, even in a postconviction proceeding in which the defendant has no constitutional right to the effective assistance of counsel court, and thus, on a showing of prejudice, allow a 28 U.S.C. § 2254 petition to go forward.

(b) Whether, under *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286 (11th Cir. 2007), a person whose probation is revoked has a new one-year limitations period for a § 2254 petition that asserts a constitutional violation in connection with the underlying conviction and raises no other challenge to the revocation and resulting sentence.

SO ORDERED on September 28, 2011.

               Robert L. Hinkle
               United States District Judge